**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RAYVON BOATMAN,

Plaintiff,

v. Case No: 2:26-cv-2007-SPC-NPM

DAVID AUSTIN DUNKERLEY *et al.*,

Defendants.
_____________________________________/

## OPINION AND ORDER

Before the Court is plaintiff Rayvon Boatman's Complaint for Violation of Civil Rights (Doc. 1). Boatman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). He brings this action under 42 U.S.C. § 1983. It appears Boatman intends to proceed *in forma pauperis*—he did not pay a filing fee and instead submitted a resident account statement indicating he lacks the means to do so. The Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Because Boatman is *pro se*, the Court must liberally construe the Complaint. *See* Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Courts, however, are not under a duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912

(11th Cir. 1993). Nor is the Court required to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts. Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.*, § 1357 (3d ed. 2013) (noting that courts, when examining 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law, or "sweeping legal conclusion...in the form of factual allegations.").

Boatman challenges the state legal process under which he is detained at FCCC. A state court committed Boatman under Florida's Jimmy Ryce Act, Fla. Stat. §§ 394.910-394.932, because a jury found him to be a sexually violent predator. The sexually violent predators committed under the Jimmy Ryce Act are entitled to annual reviews to determine if they should be released. The review includes examination by a qualified professional and "a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." Fla. Stat. § 394.918(3). If the court finds probable cause at the hearing, it holds a trial, where "the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence." Fla. Stat. § 394.918(4).

Boatman sues 14 people and entities that are somehow connected to his annual reviews. Broadly, Boatman accuses the defendants of conspiring to violate his civil rights and keep him committed to the FCCC. The primary subject of his allegations is David Austin Dunkerley, the assistant public defender who represented Boatman in (presumably) his latest annual review. Boatman takes issue with the quality of Dunkerley's representation and advocacy. The Court need not get into the specific allegations against Dunkerley because Boatman's federal claims against him are non-starters. State-appointed attorneys are not state actors for § 1983 purposes. *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). Because Dunkerley is not a state actor, Boatman cannot sue him under § 1983. The proper recourse is a malpractice claim in state court. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 n. (1981).

In the rest of the complaint, Boatman restates ad nauseam the same vague and conclusory allegation for about eight pages—that the defendants conspired to ensure his annual reviews did not result in release from the FCCC. Those allegations fail to state a § 1983 claim for several reasons. First, they are too vague and conclusory. Boatman does not identify a single specific incident of wrongdoing by any defendant. Second, the rights Boatman "alleges were violated are not federal rights." *Grady v. Baker*, 404 F. App'x 450, 454 (11th Cir. 2010). Boatman's claims stem from his right to annual reviews

under Florida's Jimmy Ryce Act, and "Florida law provides [him] with a remedy for those alleged violations of state law[.]" *Id.* If Boatman believes any defendants unlawfully interfered with his annual review, "such a claim is properly addressed by motion filed with the committing court, which is in a superior position to determine whether the requirement for an annual examination and report has been discharged, and if not, to order compliance." *White v. Fla. Dep't of Children and Families*, 981 So. 2d 1233, 1235 (1st Dist. Ct. App. Fla. 2008).

Finally, Boatman's action is barred by the *Heck* doctrine, which prohibits plaintiffs from using § 1983 to challenge "the unlawfulness of his conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Fetzer v. Sec'y, Fla. Dep't of Children and Families*, No. 20-11139-E, 2020 WL 5625172, at *1 (11th Cir. Aug. 13, 2020) (applying the *Heck* doctrine to civilly committed sexually violent predators). That is true whether the claim is construed as a challenge to the *results* of the plaintiff's state commitment proceedings or the *procedure* of the proceeding, because either way, a judgment in Boatman's favor would imply the illegality of his confinement. *See Pierce v. McNeil*, 340 F. App'x 581, 584 (11th Cir. 2009).

For these reasons, the Court will dismiss Boatman's complaint (Doc. 1) without prejudice for failure to state a claim. Because Boatman's claims are

barred under the *Heck* doctrine, amendment would be futile, and the Court will enter judgment and close this case.

Accordingly, it is now **ORDERED:**

Rayvon Boatman's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment for Defendants and against Plaintiff, terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record